UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON SAVAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00992-JMS-TAB |
| | ) |
| HEATHER DAVIS, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants' Motions for Summary Judgment**

Plaintiff Brandon Savage, an inmate in the Indiana Department of Correction, filed this civil rights action alleging that the defendants were deliberately indifferent to his health and safety after Mr. Savage threatened self-harm. The defendants have moved for summary judgment.

**I.   Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Inadmissible evidence, including hearsay, cannot create a genuine issue of fact. *Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

This Court's local rules require that

> A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a response brief and any evidence (that is not already in the record) that the party relies on to oppose the motion. The response must include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.

L.R. 56-1(b). The Seventh Circuit has "repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions." *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see Streckenbach v. Meisner*, 768 F. App'x 565, 567 (7th Cir. 2019) ("Because [the plaintiff] did not respond to the defendants' motion for summary judgment in the manner required by the local rules, the district court adopted the defendants' proposed findings of fact, and we do the same.").

Here, Mr. Savage filed a one-page response that did not include a statement of material facts in dispute. Dkt. 50. He submitted no evidence in support of his response. The Court therefore accepts the defendants' statements of facts as undisputed. This does not alter the standard for

assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.     Undisputed Facts

The events relevant to Mr. Savage's complaint took place at the New Castle Correctional Facility where he was in custody in late 2018 and early 2019. Defendant Heather Davis was a nurse at New Castle, and defendant Sergeant Earl Gilbert was a member of the custody staff working in the mental health unit.

On September 3, 2018, Mr. Savage was in custody at New Castle's mental health unit. That morning, Mr. Savage refused to meet with the medical provider. Dkt. 47-3 at 1 (medical records). Shortly after midnight on September 4, Mr. Savage denied suicidal ideation and stated that he wanted to "go back down range." *Id.* at 6. In his deposition, Mr. Savage testified that nothing eventful happened on September 3, 2018. Dkt. 43-3 at 12.

On December 25, 2018, Mr. Savage indicated that he was depressed and wanted to be moved because another offender was teasing him through the vents in his room. Dkt. 43-1 at 3 (medical records). Mr. Savage tied his bed sheet into knots and threatened to hang himself. *Id.* He also broke a plastic light fixture, swallowed several small pieces of plastic, and inserted three pieces of plastic into his rectum. *Id.* He was ordered to be placed on suicide watch by a prison doctor. *Id.* When custody staff arrived to remove him from his cell, Nurse Davis heard him say, "Yeaaahhh, I got my way, I got my way." *Id.* Nurse Davis spoke to Mr. Savage in an exam room, where he reported no interest in self-harm and agreed to remove the plastic pieces from his rectum. *Id.* He was escorted into a padded cell on a different range. *Id.*

Mental health staff visited with Mr. Savage on December 26 in the padded cell. *Id.* at 8. He was assigned constant observation and given only a smock. *Id.*

On December 27, Mr. Savage reported that he had passed glass in his bowel movement. *Id.* at 11. He threatened to cut himself and file a Prison Rape Elimination Act form against prison staff. *Id.*

On December 28, Nurse Davis visited Mr. Savage and reminded him to use his time in the padded cell for reflection. *Id.* at 13. Mr. Savage reported that he was "kind of" suicidal but denied a plan for self-harm. *Id.* He was smiling and laughing while answering questions, and he had no complaints. *Id.*

On December 29, Nurse Davis visited Mr. Savage, who denied any suicidal thoughts and showed no acute signs of distress. *Id.* at 16. Mr. Savage was smiling at staff, and his vitals were within normal limits. *Id.*

On January 10, 2019, Mr. Savage reported inserting a razor in his rectum. *Id.* at 18. He was placed on constant supervision.

On January 13, Nurse Davis visited Mr. Savage, who complained of throat irritation from being exposed to a chemical agent that had been sprayed at another inmate. *Id.* at 20. He showed no acute signs of distress.

At his deposition, Mr. Savage testified that his medical records are fabricated. *See*, *e.g.*, dkt. 43-3 at 7 (any records from January 2019 indicating treatment at New Castle are incorrect); *id.* at 8 (any records of Mr. Savage being at New Castle from December 26 to December 29, 2018, are fabricated). According to Mr. Savage, he attempted suicide on December 25, 2018, by tying a sheet around his neck and attempting to hang himself. *Id.* at 12. Shortly before hanging himself, he communicated with Nurse Davis and Sergeant Gilbert by intercom and told them of his plan. *Id.* at 13.

According to Mr. Savage, New Castle staff member Officer Looney saved him, and he was transported to St. Vincent Hospital where he remained unconscious until at least January 2019. *Id.* at 8 (helicopter transport to hospital), *id.* at 13 ("I woke up in the hospital . . . either in January or February."); *id.* at 15 ("Officer Looney told me at the hospital that he saved me."). Officer Looney also told Mr. Savage that Nurse Davis made disparaging comments about Mr. Savage's and refused to provide him treatment because of his sexual orientation.[1] *Id.* at 8−9.

Mr. Savage testified that he received a $1,565.40 bill from St. Vincent for his treatment. Dkt. 43-3 at 10. Nurse Davis has filed as an exhibit a bill to Mr. Savage from St. Vincent Anderson for $1,565.40, but the date of service is listed as October 15, 2018. Dkt. 43-4.

Nurse Davis testified by affidavit that she did not encourage Mr. Savage to consider suicide and did not ignore any attempts at suicide or self-harm. Dkt. 43-2 at 5, ¶ 18 (Davis affidavit). Sergeant Gilbert testified by affidavit that he never laughed at any threat of self-harm by Mr. Savage and that he took immediate action to prevent any threatened self-harm. Dkt. 47-1 at 2, ¶¶ 5−6 (Gilbert affidavit).

### III.   Discussion

To prevail on an Eighth Amendment claim based on deliberate indifference to serious medical needs, a plaintiff must show that (1) he suffered from an objectively serious medical condition and (2) the defendant knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019).

---

[1] Officer Looney's alleged statements are inadmissible hearsay and therefore cannot be used to create a genuine dispute of fact. *Cairel*, 821 F.3d at 830.

In his complaint, Mr. Savage alleged that Sergeant Gilbert and Nurse Davis were deliberately indifferent to his risk of suicide on December 25, 2018, and that Sergeant Gilbert was deliberately indifferent to his risk of suicide on September 3, 2018.

The undisputed facts do not allow a rational jury to find that Mr. Savage attempted or threatened suicide or self-harm on September 3, 2018. The jury therefore could not find that Sergeant Gilbert was deliberately indifferent on that date.

As for December 25, 2018, the undisputed evidence is that Mr. Savage engaged in some degree of self-harm on that date.[2] Sergeant Gilbert and Nurse Davis both testify that they took action to prevent Mr. Savage from harming himself. Dkt. 47-1 at 2, ¶¶ 5−6 (Gilbert affidavit); dkt. 43-2 at 5, ¶ 18 (Davis affidavit). Nurse Davis and Sergeant Gilbert's accounts are undisputed. *See Streckenbach*, 768 F. App'x at 567 (adopting movant's facts as undisputed where non-movant failed to respond in compliance with local rules). And Mr. Savage has put forth no evidence to show deliberate indifference. Based on the undisputed facts, no rational jury could find that either Sergeant Gilbert or Nurse Davis was deliberately indifferent to Mr. Savage's health and safety.

### IV.   Conclusion

Defendant Heather Davis's motion for summary judgment, dkt. [41], is **granted**. Defendant Earl Gilbert's motion for summary judgment, dkt. [45], is **granted**. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 2/12/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[2] The Court need not decide whether, as Mr. Savage testified, he hung himself and was transported via helicopter to St. Vincent hospital or whether, as the medical records and all other available evidence indicate, Mr. Savage was peacefully escorted to another cell before any attempt to hang himself.

Distribution:

BRANDON SAVAGE
257047
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Rachel D. Johnson
KATZ  KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com